**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

John E. Wilson, Jr.,

               Plaintiff,

      v.

Lieutenant Ms. Woods, Ms. Melissa
Gambrell, Mr. James Williams, Mr.
Jones, Mr. Perkins, Ms. Sworts, and Ms. Bryant,

            Defendants.

Case No. 9:24-cv-00073-RMG

**ORDER & OPINION**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 68) recommending that Defendants' Motion for Summary Judgment (Dkt. No. 32) be granted. Plaintiff filed objections to the R & R. (Dkt. No. 70).

For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment.

I.    **Background**

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants—Lieutenant Ms. Woods, Ms. Melissa Gambrell, Mr. James Williams, Mr. Jones, Mr. Perkins, Ms. Sworts, and Ms. Bryant—in their individual capacities, alleging violations of his First and Eighth Amendment rights while he was a state prisoner at Broad River Correctional Institution ("BRCI") and Ridgeland Correctional Institution ("RCI"). (Dkt. No. 11 at 2–4, 6, 10). Plaintiff seeks monetary damages. (Id. at 9).

Specifically, Plaintiff brings First Amendment claims based on (1) retaliation for filing grievances and a PREA complaint, and (2) the destruction and withholding of legal mail, allegedly denying him access to the courts. (Dkt. No. 11 at 6–7). He also asserts Eighth Amendment claims

1

based on (3) deliberate indifference to his medical and mental health needs by Defendant Gambrell, and (4) Defendants Sworts' and Woods' failure to decontaminate him after exposure to toxic chemicals. (Id.).

On April 28, 2025, Defendants filed a Motion for Summary Judgment. (Dkt. No. 32). On April 29, 2025, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and possible consequences if he failed to adequately respond. (Dkt. No. 33). Plaintiff filed a response in opposition (Dkt. Nos. 39 & 43), and Defendants supplemented their Motion (Dkt. Nos. 47–51). Plaintiff responded to the supplement. (Dkt. No. 66).

On January 9, 2026, the Magistrate Judge issued the R & R recommending that Defendants' Motion for Summary Judgment be granted and this case be dismissed. (Dkt. No. 68). On January 26, 2026, Plaintiff filed objections to the R & R. (Dkt. No. 70). The matter is now ready for review.

## II.  Legal Standards

### A.  Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### B. Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

### C. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

Because Plaintiff filed objections, the R & R is reviewed de novo.

After a thorough review of the R & R, the applicable law, the record of this case, and Plaintiff's objections—which largely repeat the alleged factual basis for Plaintiff's claims—the

Court finds that the Magistrate Judge thoroughly addressed the issues and correctly concluded that Defendants are entitled to summary judgment because Plaintiff failed to establish genuine disputes of material fact on the essential elements of his claims under 42 U.S.C. § 1983.

## A. First Amendment Retaliation Claims

The Magistrate Judge correctly concluded that Plaintiff's retaliation claims against all Defendants should be dismissed. To establish a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity, (2) the defendant took an adverse action against him, and (3) there was a causal connection between the protected activity and the adverse action. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). While the Magistrate Judge assumed, for purposes of the Motion, that Plaintiff satisfied the first two elements as to certain Defendants, the Magistrate Judge correctly found that Plaintiff failed to establish a causal connection between any protected activity and the alleged adverse actions. As the R & R explained, Plaintiff provided no evidence beyond conclusory assertions that any Defendant's actions were motivated by his grievances or PREA reporting. *See Goodman v. Smith*, 58 F. App'x 36, 38 (4th Cir. 2003) (noting a plaintiff must allege specific facts supporting a retaliation claim). Indeed, as to Defendant Gambrell, the record shows the allegedly retaliatory conduct occurred before Plaintiff filed any grievances against her and that a legitimate medical basis existed for the medication discontinuation.

The Court agrees with the Magistrate Judge's analysis and finds no error in these conclusions. Accordingly, the Court grants Defendants' motion for summary judgment for the First Amendment retaliation claims made against Defendants Jones, Perkins, Bryant, Williams, Woods, & Gambrell.

### B. First Amendment Access to Courts

The Magistrate Judge also correctly concluded that Plaintiff's access-to-courts claims against Defendants Bryant, Williams, and Woods should be dismissed. As to Defendant Bryant, the evidence showed that mail was withheld for only two weeks based on the presence of an unknown substance—a justification reasonably related to a legitimate penological interest in prison security. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). As to Defendants Williams and Woods, Plaintiff failed to provide evidence of their personal involvement in withholding his mail or to demonstrate that any interference led to a denial of his access to the courts through an inability to prosecute a case. *See Williamson v. Stirling*, 912 F.3d 154, 171–72 (4th Cir. 2018).

The Court finds no error in the Magistrate Judge's analysis. Accordingly, the Court grants Defendants' motion for summary judgment for the First Amendment access-to-courts claims made against Defendants Bryant, Williams, and Woods.

### C. Eighth Amendment Deliberate Indifference Claim

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's deliberate indifference claim against Defendant Gambrell should be dismissed. To state a claim for deliberate indifference, a prisoner must make (1) a subjective showing that the official was deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). While the Magistrate Judge assumed that Plaintiff satisfied the objective prong, the record does not support the subjective prong.

The subjective prong of a deliberate indifference claim is a very high standard, and merely negligent behaviors do not meet the subjective *mens rea* requirement. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

The medical records show that Plaintiff's medications were discontinued after he claimed to have overdosed on pills found in his cell—a decision made for his safety, not out of malice. Any prolonged discontinuation appears to have been the result of an oversight, not deliberate intent. At best, Plaintiff has pointed to potentially negligent conduct, which does not provide a basis for an actionable constitutional claim. *Id*.

Accordingly, the Court grants Defendants' motion for summary judgment for the deliberate indifference to medical needs claims against Defendant Gamrbell.

### D. Eighth Amendment Failure to Decontaminate Claim

Finally, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's failure-to-decontaminate claim against Defendants Sworts and Woods should be dismissed. Plaintiff has not provided testimony about the paint fumes exposure, has not shown either Defendant's personal role in the exposure, and has not provided evidence of any resulting harm. The record shows that Plaintiff was seen for his complaints and was given medication to relieve his symptoms. No genuine dispute of material fact remains on this claim.

Accordingly, the Court grants Defendants' motion for summary judgment for the Eighth Amendment failure-to-decontaminate claims made against Defendants Sworts and Woods.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R (Dkt. No. 68) as the Order of the Court, **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 32), and **DISMISSES** this case.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

6

March 2, 2026
Charleston, South Carolina